IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL J. HOFFMAN, | No. C 10-2171 SI |
| Plaintiff, | **ORDER DENYING PRELIMINARY INJUNCTION** |
| v. | |
| BNAK OF AMERICA, N.A., et al., | |
| Defendants. | |

Plaintiff's motion for preliminary injunction is currently set for hearing on July 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court denies the requested injunction.

**BACKGROUND**

Plaintiff seeks a preliminary injunction to enjoin defendants from taking any further steps to foreclose on plaintiff's residence at 1177 Solano Avenue, Sonoma, CA, including conducting a trustee's sale on July 26, 2010. Motion at 2.

The residence in question was purchased by plaintiff in May 2007 with a $650,000 loan from Countrywide Home Loans, Inc., which plaintiff alleges was later purchased by defendants. Compl. ¶ 42. In or about October 2008, plaintiff asked defendant for a loan modification and defendants then allegedly advised him to miss a few payments in order to receive the modification. Plaintiff then missed two payments. *Id*. He was subsequently told by the lender that he qualified for the modification and

submitted the necessary documents. *Id.* ¶ 43. Plaintiff further alleges that defendants delayed him for more than a year by, among other things, going long periods of time without communication, repeatedly telling plaintiff his documentation was lost with requests to resend it, and while on the phone being transferred agents to that knew nothing about his account. *Id.* ¶ 43. On April 27, 2010, defendant informed the plaintiff that the investor declined the loan modification and that the foreclosure that had been put on hold would go forward with a trustee's sale set for May 24, 2010. *Id.* ¶ 4.

The Home Affordable Modification Program ("HAMP") is a government program that includes loan modification and other foreclosure prevention services and was established pursuant to the Emergency Economic Stabilization Act of 2008. Complaint, Ex. A at 1. Individual loan servicers enter into contracts with Fannie Mae, in its capacity as a financial agent of the United States, to perform loan modification services in exchange for financial incentives. *Id.* The servicer's agreement and the Program Guidelines contain the servicer's obligations under HAMP. Complaint ¶ 9. Plaintiff alleges defendants breached the HAMP agreement for which plaintiff is an intended beneficiary. Complaint ¶ 13. Specifically, plaintiff complains that defendants breached their contractual duties by failing to provide the opportunity to accept loan modifications to eligible borrowers; not adequately training employees; failing to provide written notices as required by HAMP; deliberately delaying and frustrating the loan modification processes; demanding information it already had; making inaccurate calculations and determinations of plaintiff's eligibility for HAMP; and failing to follow through on written and implied promises. *Id.* ¶¶ 49, 50[1].

**LEGAL STANDARD**

In order to obtain a preliminary injunction, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citations omitted). The

---

[1] Defendants argue that plaintiff's motion was not properly noticed under the Northern District Civil Local Rules. Opp. at 4-5. The Court notes the late filed motion, but in the absence of any prejudice to defendants, will proceed to rule on it.

*Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)).

## DISCUSSION

Plaintiff is suing defendant for breach of the HAMP servicer's agreement as a third party beneficiary to the contract. Additionally, plaintiff argues he has a private right of action to enforce the HAMP regulations that defendant has been accused of violating. Defendants respond that plaintiff may not recover from the contract because he is not an intended third party beneficiary of the HAMP servicer's agreement, that plaintiff has no private right of action to enforce HAMP, and that plaintiff has failed to allege tender of the amount due under his loan in challenging the foreclosure.

Although, as discussed below, it appears that plaintiff is likely to suffer immediate, irreparable harm as result of the pending trustee's sale, the motion for preliminary injunction must be denied due to the very low likelihood of success on the merits.

**1.    Plaintiff has demonstrated the likelihood of irreparable harm.**

Plaintiff has demonstrated the likelihood of irreparable harm by showing that he will lose his house in an impending trustee's sale. *See e.g. Sundance Land Corp. v. Community first Federal Sav. & Loan Asso.*, 840 F.2d 653, 661 (9th Cir. 1988) (plaintiff met the requirement of showing irreparable harm by showing it would lose unique property if a preliminary injunction did not stop a pending foreclosure); *Sharma v. Provident Funding Associates, LP*, No. C 09-5968 VRW, 2010 U.S. Dist. LEXIS 1407 at *3 (N.D. Cal. January 10, 2010) ( impending foreclosure demonstrates the likelihood

3

of irreparable harm).

## 2.  Likelihood of success on the merits

Plaintiff has not established that he is likely to succeed on the merits because he is not a third party beneficiary under the HAMP servicer's contract, nor does he have a private right of action under HAMP.

### A.  Plaintiff lacks standing to pursue a breach of the HAMP servicer's agreement because he is not a third party beneficiary.

For a third party to be able to recover on a contract, it must be able to show that the contract was made with the "express or implied intention of the parties to the contract to benefit the third party." *Klamath v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). The contract need not specifically provide for the right of the party to sue or any other means of enforcement; a third party beneficiary may sue regardless of whether the right is given in the contract. *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244-45 (9th Cir. 2009); *Klamath*, 204 F.3d at 1211. Intended beneficiaries, however, must be distinguished from incidental beneficiaries, which do not gain rights against the promisor. *Klamath*, 204 F.3d at 1211. One way to make this distinction is to ascertain "whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right" on that party. *Id*. With the beneficiaries of government contracts, the general presumption is that members of the public are incidental beneficiaries without clear intention otherwise. *Id*.; *County of Santa Clara*, 588 F.3d at 1244. Clear intent "is not satisfied by a contract's recitation of interested constituencies, vague hortatory pronouncements, statements of purpose, explicit reference to a third party, or even a showing that the contract operates to the third parties' benefit and was entered into with them in mind." *County of Santa Clara*, 588 F.3d at 1244 (internal quotes omitted).

In *Klamath*, the Ninth Circuit held that a contract between a dam operator and the United States was "undoubtedly entered into with the irrigators in mind." 204 F.3d at 1211. However, nothing about the contract demonstrated a clear intention to grant the irrigators enforceable rights, so the Court found that the irrigators were not third party beneficiaries. *Id*. In *County of Santa Clara*, plaintiff medical

4

1 clinics sued drug manufacturers as third party beneficiaries to an agreement between the federal
2 government and the manufacturers to provide those federally funded clinics with discounted
3 pharmaceuticals. 588 F.3d at 1241. The Court looked to the express language of the contract and
4 determined the "[m]anufacturers undertook a specific responsibility to the covered entities: 'Pursuant
5 to [*§256b*], the Manufacturer agrees...to charge covered entities a price for each unit of the drug that
6 does not exceed' the ceiling price of that drug." *Id.* at 1245. The contract in *County of Santa Clara*, in
7 contrast to that of *Klamath* in which it could only be said that it was entered into with the third party in
8 mind, assigns a clear obligation to the manufacturers to charge the clinics no more than the ceiling price.
9 *County of Santa Clara*, 588 F.3d at 1245. It was the only discernable purpose of the contract. *Id.*

10       Plaintiff makes no persuasive showing that he is a third party beneficiary to the HAMP servicer's
11 agreement. Plaintiff's motion fails to cite any cases finding that borrowers are third party beneficiaries
12 under HAMP or finding language in the HAMP servicer's agreement indicating third parties have
13 enforceable rights under the agreement. To the contrary, the existing case law weighs decisively in
14 favor of defendant: numerous district courts have interpreted identical HAMP agreements and have
15 come to the conclusion that a borrower is not a third party beneficiary. *See e.g. Zendejas v. GMAC*
16 *Wholesale Mortg. Corp.*, No. 1:10-CVV-00184 OWW GSA, 2010 U.S. Dist. LEXIS 59793 (E.D. Cal.
17 Jun. 16, 2010); *Burtzos v. Countrywide Home Loans*, No. 09-CV-2027W (Wmc), 2010 U.S. Dist. LEXIS
18 53509 (S.D. Cal. Jun. 1, 2010); *Benito v. Indymac Mortg*, No. 2:09-CV-001218-PMP-PAL, 2010 U.S.
19 Dist. LEXIS 51259 (D. Nev. May 21, 2010)*; Bernice Thoreau del la Salle v. America's Wholesale*
20 *Lender*, No. CIV S-09-2701, 2010 U.S. LEXIS 36319 (E.D. Cal. Apr. 13, 2010); *Villa v. Wells Bank,*
21 *N.A.*, No. 10CV81 DMS (WVG), 2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010); *Aleem v.*
22 *Bank of Am.*; No. EDCV 09-01812-VAP (Rzx), 2010 U.S. Dist. LEXIS 11944 (C.D. Cal. Feb. 9, 2010)*;*
23 *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM (BLM), 2009 U.S. Dist. LEXIS
24 117017 (S.D. Cal. Dec. 15, 2009).

25       As many of the courts have recognized, it would be unreasonable for a qualified borrower
26 seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable
27 rights since the agreement does not actually require that the servicer modify all eligible loans, nor does
28 any of the other language of the contract demonstrate that the borrowers are intended beneficiaries.

5

*Escobedo*, 2009 U.S. Dist. LEXIS 117017 at *6; *Villa,* 2010 U.S. Dist. LEXIS 23741 at *6-7.

For example, in *Escobedo* the court noted that the HAMP servicer's agreement would undoubtedly benefit the borrowers with its stated purpose of preventing foreclosures, in the same way the contract between the government and dam operators would undoubtedly benefit irrigators in *Klamath*. 2009 U.S. Dist. LEXIS 117017 at *5-6. The *Escobedo* court recognized, however, that the presumption with government contracts is that the beneficiaries are incidental, not intended, absent clear intention otherwise. 2009 U.S. Dist. LEXIS 117017 at *5. The Court found that the language of the HAMP servicer's agreement did not demonstrate the requisite "clear intention," stating only that it "shall inure to the benefit of and be binding upon the parties to the Agreement and their permitted successors-in-interest."*Id.* at *7; Complaint Ex. A § 11.E. The agreement also does not *require* that modifications be made, only that they be considered. *Id.* at *6. The Court, therefore, held that borrowers were incidental beneficiaries. *Escobedo*, 2009 U.S. Dist. LEXIS 117017 at *7.

In the present case, an identical HAMP servicer's agreement to the one in *Escobedo* is offered by plaintiff as evidence that plaintiff is a third party beneficiary. The same logic applies here as applied in *Escobedo*, *Klamath*, and *County of Santa Clara*. Even though the agreement was made with the benefit of qualified borrowers in mind, the language of the agreement itself does not grant them enforceable rights. Plaintiff repeatedly restates HAMP's intention to minimize and prevent foreclosures but "showing that the contract operates to the third parties' benefit and was entered into with them in mind" is insufficient to demonstrate that the contract was made with the clear intention to grant them enforceable rights. *County of Santa Clara*, 588 F.3d at 1244. Furthermore, the HAMP servicer's agreement does not require that the servicers grant loan modifications to all qualified borrowers, so there is no obligation to the third party as was the case in *County of Santa Clara*. As was true in *Klamath* and *Escobedo*, plaintiff is an incidental and not an intended beneficiary to the HAMP servicer's agreement.

Plaintiff is also wrong that his claim can be distinguished from the cases relied on by defendants. He contends that the present case is different because in addition to claiming a breach of contract for the denial of the loan modification, plaintiff claims that defendants have also breached the HAMP servicer's agreement by other means that were not alleged in *Villa* or *Escobedo*. For example, plaintiff alleges defendants did not follow through on written and implied promises of the servicer's agreement.

6

1 Complaint ¶ 13.  More specifically, plaintiff contends, among other things, that defendants erroneously
2 instituted foreclosure proceedings while a loan modification application was being processed.  Reply
3 at 1-2.  While *Escobedo* makes no mention of claims other than the denial of the loan modification as
4 a breach of contract, plaintiff's statement regarding *Villa* is not true.  In *Villa*, the plaintiff was seeking
5 to set aside a trustee's sale because the defendant did not comply with the HAMP servicer's agreement
6 by postponing the foreclosure sale pending the evaluation of the plaintiff's modification application,
7 which is identical to one of the plaintiff's contentions in the present case.  2010 U.S.  Dist. LEXIS
8 23741, at \*6-7.  The court in *Villa* granted the defendant's motion to dismiss because plaintiff was not
9 a third party beneficiary for the same reasons the plaintiff in *Escobedo* and the plaintiff in the present
10 case are not third party beneficiaries; the contract does not grant third parties enforceable rights.  2010
11 U.S.  Dist. LEXIS 23741 at \*6-7.  The distinction plaintiff attempts to raise is of no consequence.

12 Plaintiff relies on the only contradictory district court case, *Reyes v. Saxon Mortg. Servs.*, No.
13 09cv1366 DMS (WMC), 2003 U.S. Dist. LEXIS 125235 (S.D. Cal. November 5, 2009), to support his
14 argument. The Court in *Reyes*, in denying a motion to dismiss, found a claim of breach of contract of
15 the HAMP servicer's agreement based on a third party beneficiary theory to be plausible.  2009 U.S.
16 Dist. LEXIS 125235 at \*6.  The Court, however, offered no analysis to support its decision, as opposed
17 to the cases that have held that borrowers are not third party beneficiaries to the HAMP servicer's
18 agreement.  *See e.g.  Villa*, 2010 U.S. Dist. LEXIS 23741 at \*6-7; *Escobedo*, 2009 U.S. Dist. LEXIS
19 117017 at \*6.  Moreover, the judge who decided *Reyes* rejected the third party beneficiary argument in
20 a subsequent case based on detailed analysis of the contract at issue.  *See Villa*, 2010 U.S.  Dist. LEXIS
21 23741 at \*7 ("This Court finds *Escobedo* persuasive and adopts its reasoning.").  Plaintiff cannot rely
22 on *Reyes*.

23 For the foregoing reasons, the Court finds that borrowers are not third party beneficiaries under
24 the HAMP servicer's agreement**.**

26 **B.    There is no private right to enforce HAMP.**

27 The plaintiff has alleged only one cause of action: breach of contract.  Under this cause of action,
28 he alleges both his right to enforce the HAMP servicer's agreement as a third party beneficiary but also

7

a stand alone right to enforce HAMP. Reply at 3. Plaintiff argues that because California Civil Code Section 2923.5 has been interpreted to provide a private right of action that was not specifically stated in the statute, so too should HAMP. While it is true that a California Court read a private right of action into Section 2923.5, the two statutes are far too different to make the comparison. *Mabry v. The Superior Court of Orange County*, 185 Cal. App. 4th 208, 225 (Cal. Ct. App. 2010) (finding a private right of action under Section 2923.5). Both deal generally with homeowner foreclosures, but Section 2923.5 is a state statute requiring lenders to contact a homeowner before filling a notice of default and has the "obvious goal of forcing parties to communicate." *Mabry*, 2010 Cal. App LEXIS 794 at *26; *See also* Cal. Civ. Code § 2923.5. It creates an inherently individual right that would be meaningless without individual enforcement. *Mabry*, 2010 Cal. App 4th at 224. HAMP, on the other hand, is a federal program that facilitates mortgage modifications for borrowers in danger of foreclosure. Complaint, Ex. A at 1. As previously discussed, lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confe4r an enforceable right on the borrower. *Escobedo*, 2009 U.S. Dist. LEXIS 117017 at *6. A comparison of the two statutes does not support a private right of action under HAMP[2].

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES the motion for injunctive relief.

**IT IS SO ORDERED.**

Dated: June 30, 2010

SUSAN ILLSTON
United States District Judge

---

[2] Defendants also argue that, under California Law, plaintiff must offer tender in order to challenge the trustee's sale. Since the court finds plaintiff cannot state a claim under HAMP or the servicer's agreement, the Court need not reach this argument.

8